```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF PUERTO RICO

 LUIS F. CRUZ-ACEVEDO, et al.,

      Plaintiffs,
                                          Civil No. 07-2104 (JAF)
      v.

 PEDRO TOLEDO-DÁVILA, et al.,

      Defendants.
```

**OPINION AND ORDER**

Plaintiffs Luis F. Cruz-Acevedo and Manuela V. Cruz-Perocier move for partial reconsideration, Docket No. 63, of our Opinion and Order dated December 8, 2008, Docket No. 62. Plaintiffs challenge our dismissal of their § 1983 claim for violations of the Fourth Amendment and our treatment of their claims at Commonwealth law. Docket No. 63. All Defendants, except José Nieves-Soler, oppose the motion. Docket No. 66.

**I.**

**Motion for Reconsideration**

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact, (2) consider newly discovered evidence, (3) incorporate an intervening change in the law, or (4) otherwise prevent manifest

injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 37 n.4 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992).

## II.

## Analysis

### A. Fourth Amendment

Plaintiffs contest our dismissal of their Fourth Amendment claim for failure to state an illegal procurement of a search warrant through perjured testimony. Docket No. 63. We find no basis to reconsider our dismissal of this claim. However, we find that the complaint indicates an alternate claim for warrantless arrest without probable cause which did not receive proper treatment. See Docket Nos. 1, 62. We, therefore, partly amend our prior interlocutory decision with respect to the claim under the Fourth Amendment.

#### 1. Illegal Search

Plaintiffs insist that they have sufficiently stated a claim for an illegal search predicated on the false warrant affidavit of Defendant José Nieves-Soler. Docket No. 63. We previously held that Plaintiffs' averments were conclusory and failed to identify the manner in which Nieves-Soler had committed perjury. Docket No. 62.

The Fourth Amendment, as applied to the states through the Fourteenth Amendment, protects "against unreasonable searches and seizures" by requiring probable cause, as supported by sworn statements, for the issuance of search warrants. U.S. Const. Amend. IV. In a claim under 42 U.S.C. § 1983 for an illegal search pursuant to a warrant issued upon false officer testimony, a plaintiff must establish that (1) the officer made "a false statement knowingly and intentionally, or with reckless disregard for the truth" that was included in the warrant affidavit, and (2) "the false statement is necessary for a finding of probable cause." See Aponte-Matos v. Tolédo-Dávila, 135 F.3d 182, 187 (1st Cir. 1998) (applying United States v. Franks, 438 U.S. 154, 171-72 (1978), to § 1983 claim).

As warrant affidavits benefit from an assumption of validity, "the challenger's attack must be more than conclusory." Franks, 438 U.S. at 171. However, the sufficiency of pleading in a Franks claim under § 1983 is a novel issue in the First Circuit. Therefore, we look to decisional law in other jurisdictions for guidance.

Other courts have sometimes required the plaintiff to allege the specific parts of the warrant affidavit that the plaintiff believes to be false. See Mack v. City of Abilene, 461 F.3d 547, 551 (5th Cir. 2006) (vacating dismissal on other grounds); Dowling v. City of Barberton, No. 05-2589, 2008 U.S. Dist. LEXIS 73162, at *14-15 (N.D. Ohio Sept. 24, 2008); Rutledge v. County of Sonoma, No. 07-4274, 2008 U.S. Dist LEXIS 51313, at *20-21 (N.D. Cal. July 1, 2008); cf.

Johnson v. Hayden, 67 F. App'x 319, 324 (6th Cir. 2003) (reversing dismissal on basis of specifically alleged false statement).

Furthermore, other courts have generally required the plaintiff to aver that these falsehoods were material to the issuance of the warrant; that is to say, the magistrate must have relied on the alleged falsehood and there must be no other basis for a finding of probable cause. See Johnson, 67 F. App'x at 323-24; Pence v. Zifcak, No. 04-3396, 2007 U.S. Dist. LEXIS 10172, at *29-30 (D. Md. Feb. 7, 2007); Saghezi v. Reno, No. 94-8291, 1996 U.S. Dist. LEXIS 13447, at *42 (S.D.N.Y. Sept. 12, 1996); see also Aponte-Matos, 135 F.3d at 187 (holding that false statement must be necessary to finding of probable cause in a claim under Franks).

In our prior order, we found that Plaintiffs had baldly accused Defendants of fraudulently obtaining a search warrant without stating the manner in which Defendants' underlying statements constituted perjury.[1] Docket No. 62; see Docket No. 1, at ¶ 3.11. Plaintiffs' averment of perjury is merely a statement of a legal conclusion.[2] See Docket No. 1, at ¶ 3.11. Without more facts, specifically, the

---

[1] Plaintiffs now direct our attention to evidence in two other cases before this court, in which one Defendant confessed to fabricating testimony to obtain search warrants against innocent persons. Docket No. 63. This evidence has no bearing on Defendants' alleged perjury in the instant case, see Docket No. 1, which Plaintiffs must explain more fully to survive dismissal under Rule 12(b)(6), see Docket No. 62.

[2] Perjury is "the willful assertion as to a matter of fact . . . by a witness in a judicial proceeding" where the statement is material to the proceeding and "known to such witness to be false." Black's Law Dictionary 1139 (6th ed. 1990).

existence of an underlying falsehood, the affiant's intent to lie, and the materiality of the falsehood to the magistrate's determination of probable cause, we cannot deduce the existence of perjury vel non from the face of the complaint. See Docket No. 1, at ¶ 3.11. Therefore, we cannot read the complaint to imply a deliberate falsehood that was necessary to the magistrate's finding of probable cause, such that the search warrant and the subsequent search were devoid of legal authority.

Although Plaintiffs' complaint alleges that the officers who executed the search falsely claimed to have had evidence against Cruz-Acevedo, the complaint does not state that this falsehood was included in, or a necessary basis for, the search warrant. See Docket No. 1, at ¶¶ 3.10-3.11. As Plaintiffs neither alleged that Nieves-Soler had intentionally or recklessly provided false statements in his warrant testimony to the magistrate, nor averred that the magistrate lacked other grounds for his determination of probable cause, see id., our prior dismissal of their Franks claim was not manifest error of law, see Aponte-Matos, 135 F.3d at 187.

### 2. **Warrantless Arrest**

Upon reviewing Plaintiffs' complaint, however, we find that it sufficiently alleges a § 1983 claim for a warrantless arrest without probable cause. See Docket No. 1. Under the Fourth Amendment, warrantless arrests must be based upon probable cause. Valente v. Wallace, 332 F.3d 30, 32 (1st Cir. 2003). Probable cause requires police to find evidence that "would warrant a man of reasonable caution in believing that a crime has been committed and committed by the person to be arrested." Id. (internal citation omitted).

Plaintiffs aver in their complaint that Defendant Miguel Arocho "claimed falsely to have found a red bag they claimed contained [sic] marihuana." Docket No. 1, at ¶ 3.19. This allegedly false evidence appears to have been the basis for Plaintiff Cruz-Acevedo's arrest. See id. If Arocho knew that the bag contained no contraband, he could not have believed that it was evidence of a crime perpetrated by Cruz-Acevedo. Thus, Arocho lacked probable cause to arrest Cruz-Acevedo, see Valente, 332 F.3d at 32, and a claim colorably exists against Defendants under the Fourth Amendment, see Cabrera-Negrón v. Municipality of Bayamón, 419 F. Supp. 2d 49, 55-56 (D.P.R. 2006).

Although we previously dismissed Plaintiffs' claim under the Fourth Amendment for an illegal search pursuant to a fraudulently obtained warrant, we did not address this separate claim of a warrantless arrest without probable cause. See Docket No. 62. Defendants did not address this alternate claim specifically in their

Civil No. 07-2104 (JAF)                                                  -7-

motion to dismiss, see Docket No. 11, or in their opposition to Plaintiffs' motion for reconsideration, see Docket No. 66. We, thus, restore Plaintiff Cruz-Acevedo's claim under the Fourth Amendment.

### 3. Leave to Amend Complaint

While we deny reconsideration of Plaintiffs' Franks claim, our present order resurrects Cruz-Acevedo's claim for a warrantless arrest under the Fourth Amendment. See supra, Part II.A.2. We recognize that the question of sufficiency of pleadings in a Franks claim is a novel issue in the First Circuit, see supra, Part II.A.1, and that Plaintiffs appear to have enough facts in their possession to plead a case under Franks, see Docket No. 1. Therefore, we take this opportunity to encourage Plaintiffs to amend their complaint to explicate their causes of action under the Fourth Amendment.[3]

If Plaintiffs wish to reassert their § 1983 claim under Franks, they must truthfully plead specific facts indicating how the warrant affidavit was false, and that there was insufficient basis otherwise for a magistrate's determination of probable cause.[4] See Aponte-Matos,

---

[3] We note that Plaintiffs' complaint is hardly a paragon of clarity. See Docket No. 62, at 5 n.1. Plaintiffs' counsel has made a laundry list of the United States Constitution, failing to furnish any theories under which Plaintiffs pursue their several claims under § 1983. See Docket No. 1. We strongly urge counsel to charge each defendant with specific constitutional violations and sketch the theory for each alleged violation.

[4] Plaintiffs' opposition to dismissal, Docket No. 25, and motion for reconsideration, Docket No. 63, omit reference to probable cause. If Plaintiffs wish to prevail on their Fourth Amendment claims, their counsel is well advised to cite relevant law on probable cause. See Aponte-Matos, 135 F.3d at 187; Valente, 332 F.3d at 32.

Civil No. 07-2104 (JAF)                                                    -8-

135 F.3d at 187; see also Rutledge, 2008 U.S. Dist LEXIS, at *21 (permitting plaintiff to amend complaint if he could truthfully allege falsehood that was material to finding of probable cause).

**B.    Claims at Commonwealth Law**

Plaintiffs also move for reconsideration of our supposed refusal to exercise supplemental jurisdiction over their claims at Commonwealth law. Docket No. 63. A careful reading of our last order should reveal that we have indeed retained Cruz-Acevedo's claims under the laws of Puerto Rico, albeit against eight of ten Defendants in their personal capacities, rather than in their official capacities as part of the Commonwealth. See Docket No. 62. As we rescind our earlier dismissal of Cruz-Acevedo's claim under the Fourth Amendment, however, we now exercise supplemental jurisdiction over his Commonwealth claims against Defendants González-Pérez and Pérez-Rodríguez in their personal capacities.

**III.**

**Conclusion**

Accordingly, we hereby **GRANT IN PART** and **DENY IN PART** Plaintiffs' motion for partial reconsideration, Docket No. 63. We amend our prior order of partial dismissal, Docket No. 62, to reinstate Plaintiff Cruz-Acevedo's claim under the Fourth Amendment for a warrantless arrest without probable cause, and extend our exercise of supplemental jurisdiction to his claims at Commonwealth law against Defendants González-Pérez and Pérez-Rodríguez in their

Civil No. 07-2104 (JAF)                                                    -9-

personal capacities. We hereby **DENY** reconsideration as to Plaintiffs'
claim for a fraudulently obtained search warrant, but **GRANT**
Plaintiffs **LEAVE TO AMEND** their complaint by **March 13, 2009.**

   **IT IS SO ORDERED.**

   San Juan, Puerto Rico, this 26th day of February, 2009.

                              S/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge