UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS F. CRUZ-ACEVEDO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PEDRO TOLEDO-DÁVILA, et al.,<br><br>    Defendants. | Civil No. 07-2104 (JAF) |

**O R D E R**

On July 15, 2009, we issued an Opinion and Order in which we found colorable grounds for summary judgment in favor of Defendant Jorge González-Pérez ("González"). (Docket No. 112.) Noting an apparent lack of evidence against González, we ordered Plaintiff Luis F. Cruz-Acevedo to show why partial summary judgment would be inappropriate. (Id.) On July 31, 2009, Cruz-Acevedo filed a motion pursuant to our order. (Docket No. 116.)

We need not recite the facts or the procedural standard in this case, which we have amply set out before. (See Docket No. 112.) Cruz-Acevedo argues against summary judgment on two grounds: (1) that, contrary to our contention (id.), Plaintiffs' amended complaint named González as a participant in the execution of a fraudulently-obtained search warrant; and (2) that a triable issue remains regarding González' supervision of allegedly-culpable police officers during the search of Cruz-Acevedo's home. (Docket No. 116.)

Civil No. 07-2104 (JAF)                                                        -2-

First, we need not reinterpret Plaintiffs' amended complaint, because the record fails to establish González' violation of the Fourth Amendment by conducting either a search or an arrest without probable cause. To establish a claim for an illegal search founded upon a defendant's misplaced reliance on a fraudulently-obtained search warrant, a plaintiff must show that a reasonable officer in the defendant's position would have been aware of the defect, thereby vitiating his justification to conduct the search. See Wilson v. City of Boston, 421 F.3d 45, 56 n.12 (1st Cir. 2005) (noting that arresting officer who reasonably relied on facially-valid arrest warrant may avoid liability under § 1983 despite subsequent discovery of defects); Briggs v. Malley, 748 F.2d 715, 721 (1st Cir. 1984) (holding that officer may enjoy qualified immunity in executing defective search warrant unless he "should have known that the facts recited in the affidavit did not constitute probable cause"). There is no indication that a reasonable officer in González' position would have known that the search warrant had been procured by false affiant testimony.

To establish a case for a warrantless arrest without probable cause, a plaintiff must show that the defendant lacked evidence that would have led a reasonable person to believe that the plaintiff had committed a crime. Valente v. Wallace, 332 F.3d 30, 32 (1st Cir. 2003). The record is devoid of evidence to suggest that González was aware that the evidence leading to Cruz-Acevedo's arrest had been

planted. Despite an apparent discrepancy between González' and Plaintiffs' accounts relating to the precise location on Plaintiffs' property where officers allegedly planted the evidence (Docket Nos. 116; 118), this variance does not imply that González knew that the evidence was false.

Second, we agree with Cruz-Acevedo that there remains a genuine issue of material fact with respect to the sufficiency of González' supervision of officers who allegedly arrested Cruz-Acevedo without probable cause. "To demonstrate [a supervisor's] deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk." Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998). For supervisory liability to attach, a plaintiff must establish an "affirmative link" between the defendant's deliberate indifference and the resulting violation committed by his subordinates. Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009). "[A] pattern of misconduct sufficient to put the [defendant] on inquiry notice" may satisfy this test. Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 583 (1st Cir. 1994).

We previously opined that the record failed to affirmatively link González' actions to his subordinates' alleged misdeeds. (Docket No. 112.) However, we recall that Plaintiffs had submitted evidence on the reputation of the allegedly-culpable officers.

Civil No. 07-2104 (JAF)                                                      -4-

(Docket Nos. 99-2; 105-2.) During his deposition, Defendant José Nieves-Soler testified that he and Defendants Miguel Arocho-Irizarry and Rubén Colón-Pérez had a local reputation in Aguadilla for being corrupt officers. (Id.) Given this reputation, and the fact that González remained at the entrance while Nieves-Soler, Arocho-Irizarry, and Rubén Colón-Pérez, his immediate subordinates, conducted the search inside the house (Docket No. 116-2), there is a genuine issue as to whether González deliberately failed to prevent the false arrest. See Maldonado-Denis, 23 F.3d at 583. While the case is weak, resolution of this question is the province of a jury as we must "view the record in the light most favorable to the non-movant." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Lastly, because no federal claims remain against Defendants Pedro Toledo-Dávila, José Dennis-Tavarez, William Orozco-Sánchez, William Ruiz-Borrás, and Edwin Rosado-Morales, we decline to exercise supplemental jurisdiction over Cruz-Acevedo's claims under Puerto Rico law against them. See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992).

In view of the foregoing, we hereby:

1) **GRANT** Cruz-Acevedo's motion to show cause (Docket No. 116) and **DENY** partial summary judgment with respect to González.

2) **DISMISS WITHOUT PREJUDICE** Cruz-Acevedo's claims under Puerto Rico law against Toledo-Dávila, Dennis-Tavarez, Orozco-Sánchez, Ruiz-Borrás, and Rosado-Morales (Docket No. 70).

Civil No. 07-2104 (JAF)                                                    -5-

3) **RETAIN** Cruz-Acevedo's 1) Fourth Amendment claim for supervisory liability against González for his role during the search; 2) Fourth and Fourteenth Amendment claims against Arocho-Irizarry, Colón-Pérez, Nieves-Soler, and Defendant Ángel Pérez-Rodríguez; and 3) claims at Puerto Rico law against González, Arocho-Irizarry, Colón-Pérez, Nieves-Soler, and Pérez-Rodríguez (id.).

4) **REQUEST** the parties to submit proposals for settlement by **October 30, 2009,** in light of our previous inquiry into settlement at the pretrial conference held on July 16, 2009 (Docket No. 113).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of October, 2009.

                                          S/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          Chief U.S. District Judge